UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PETER WILLIAM MAYES,** | : | Case No. 1:07-CV-315 |
| **Plaintiff,** | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| **v.** | : | |
| **STUART HUDSON, Warden,** | : | **ORDER** |
| **Defendant.** | : | |

PETER WILLIAM MAYES petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutional sufficiency of his conviction for Attempted Forcible Rape, Forcible Rape, and Gross Sexual Imposition. (Doc. 1.) In his petition, Mayes asserts four grounds for relief: in sum, he contends that the state trial court violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Mayes's petition was referred to Magistrate Judge Nancy Vecchiarelli ("Judge Vecchiarelli"), pursuant to 28 U.S.C. §636(b)(1)(C). On October 28, 2009, Judge Vecchiarelli submitted to the Court her Report and Recommendation ("R&R") recommending that the petition be denied. (Doc. 33.) Judge Vecchiarelli's R&R explained that failure by Mayes to object to the R&R would result in the waiver of any right to object.

Mayes has not filed any objection to this R&R to date, and the time for doing so has long since expired. "Failure to object to an adverse magistrate's report and recommendation, after being advised of the consequences, constitutes a waiver of further appellate review." *Smith v. Franklin*, 872 F.2d 1028 (6th Cir. 1989) (unpublished) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *see also Javaherpour v. United States*, 315 Fed. Appx. 505, 508 (6th Cir. 2009) ("[A] party must file timely objections with the

district court to avoid waiving appellate review." (citing *States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981))). Indeed:

> In *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 471, 88 L. Ed. 2d 435 (1985), the United States Supreme Court specifically upheld [the Sixth Circuit's] rule conditioning the right to appeal a district court's order on the filing of specific objections to the magistrate's report and recommendation. The Court noted that "the Sixth Circuit rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Id.*

*Wilson v. McMacken*, 786 F.2d 216, 220 (6th Cir. 1986) (discussing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254); *see also Blandin v. Williams*, No. 3:08-CV-2172, 2009 U.S. Dist. LEXIS 54111, at *3 (N.D. Ohio June 26, 2009) ("A [§ 2254] petitioner who fails to object to legal or factual conclusions of a report and recommendation waives review of those issues.").

Because Mayes has not objected to any portion of Judge Vecchiarelli's R&R recommending that this Court dismiss Mayes' petition, it is unnecessary to review Mayes's petition further. Mayes' petition is, accordingly, **DISMISSED**.

The court certifies, pursuant to 28 USC 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 USC 2253; Fed.R.App.P. 22(b).

This case is, consequently, **DISMISSED**.


**IT IS SO ORDERED.**

                                                        **s/Kathleen M. O'Malley**
                                                        **KATHLEEN McDONALD O'MALLEY**
                                                        **UNITED STATES DISTRICT JUDGE**

**Dated: January 4, 2010**