UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PETER WILLIAM MAYES, | ) | CASE NO. 1:07CV0315 |
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | **ORDER AND DECISION** |
| STUART HUDSON, Warden, | ) ) | |
| Respondent. | ) ) | |

This matter appears before the Court on Petitioner's Objection to the Magistrate Judge's Report and Recommendation ("the Report") filed on October 28, 2009 in response to Petitioner's Writ of Habeas Corpus.

The Court, in conducting a *de novo* review of Petitioner's objections pursuant to 28 U.S.C. §636(b)(1), has carefully considered the legal arguments raised by Petitioner and Respondent and has determined that Petitioner's objections are unsubstantiated, and as such, are OVERRULED. The Magistrate Judge's Report and Recommendation is ADOPTED in its entirety[1] and Petitioner's Writ of Habeas Corpus is DISMISSED.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Report accurately states the factual background and procedural history of this matter. Furthermore, Petitioner does not object to the Report's rendition of the factual background and procedural history. Thus, while the Court need not restate those facts, the Court will provide the background necessary to resolve Petitioner's objections.

---

[1] Both Petitioner and Respondent disagree with the Magistrate Judge's statute of limitations calculations. However, Respondent has not raised a defense of untimely filing, rendering moot any dispute over the tolling of the statutory period.

Petitioner was convicted by a jury in the Cuyahoga County Court of Common Pleas on January 30, 2003 of two counts of attempted forcible rape, one count of forcible rape, and one count of gross sexual imposition. He was sentenced on February 7, 2003 to consecutive terms totaling 24 years. Petitioner has since remained in the custody of the Ohio Department of Rehabilitation and Correction and is presently housed at the Hocking Correctional Institution in Nelsonville, OH.

## I. STANDARD OF REVIEW

Upon the timely filing of a petitioner's objections to a Magistrate Judge's Report and Recommendation, this Court is required to perform a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

## II. LAW AND ANALYSIS

### A. Petitioner's Objections Related To His Second Ground For Relief

Petitioner's second ground for relief is as follows:

> B. Ground two: Prosecutorial misconduct which violated defendant's 5th & 14th Amendments [sic].
>
> Improper & completely false gratuitous information to the jury via several state's witnesses alluding to defendant's unfounded & unproven prior prison experience for a non-existent crime of "robbery." Neither trial counsel, the prosecution, or the trial judge ever contemplated [sic] to see if defendant was ever arrested and convicted for this alluded to, but completely false, crime & incarceration of [sic] "robbery." This completely alienated the jury [from] defendant's case. Defendant was denied a fair trial.

The Report determined that Petitioner procedurally defaulted his second ground for relief by not raising a claim of prosecutorial misconduct in his direct appeal. Petitioner objects to this determination, claiming that demonstrated cause and prejudice related to the default, citing

2

ineffective assistance of both trial and appellate counsel as cause for failing to raise the prosecutorial misconduct claim.

"A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). Cause exists "where something external to the petitioner" prevented him from complying with the state procedural rules. *Maple v. Thomas*, 132 S. Ct. 912, 923 (2012) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).

Petitioner has admittedly defaulted his second ground for relief due to his failure to raise his claim of prosecutorial misconduct on direct appeal. Because this claim is procedurally defaulted, it cannot be reviewed unless Petitioner demonstrates cause and prejudice. *Martinez* at 1316.

Petitioner claims ineffective assistance of both trial and appellate counsel as cause for his default, and that this cause, combined with the prejudicial effect of the foreclosure of his claim are sufficient grounds for this Court to excuse the default and review the issue being raised. The Court finds no merit in this objection.

The exhaustion doctrine "generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Petitioner's claim of ineffective assistance of trial counsel, as discussed below, is without merit, and as such it also cannot be relied upon to establish cause. Furthermore, the record is clear that Petitioner never properly presented his ineffective assistance of appellate counsel to the state courts as an independent claim. Because he has failed to show cause and prejudice for defaulting his second ground for relief, Petitioner's objection is overruled.

**B. Petitioner's Objections Related To His Third And Fourth Grounds For Relief**

Petitioner's third and fourth grounds for relief are as follows:

> C. Ground three: Trial court unconstitutionally ordered consecutive sentences for the defendant—violation of the Due Process Clause of the 14th Amendment & Double Jeopardy Clause of the 5th Amendment & the Cruel & Unusual Punishment Clause of the 8th Amendment.
>
> Trial court did not make the required findings relative to each incident to support the necessity for consecutive sentences for the alleged offenses committed pursuant to the sentencing statutes. Recently, those same sentencing statutes were found to be unconstitutional in a decision of the Ohio Supreme Court. Defendant is eligible for sentence modification in lieu of this same decision [sic], but the court of common pleas and appellate courts disagree.
>
> D. Ground four: Trial court sentencing defendant with sentences inconsistent with sentences for similar offenders—violation of the Equal Protection Clause of the 14th Amendment & Double Jeopardy Clause of the 5th Amendment.
>
> Defendant was not sentenced consistently with numerous similar sentences for similar, or greater, offenses. A brief survey of similar cases [in] the Cuyahoga County Court of Common Pleas system indicate [sic] that sentences imposed by the trial court in defendant's case are disproportionately greater [sic] than those sentences [for] similar crimes committed by similar offenders.

The Magistrate Judge ruled that grounds three and four were procedurally defaulted as they did not involve federal constitutional claims. Petitioner objects, asserting that he has raised numerous claims of federal constitutional violations by invoking *State v. Foster*, 109 Ohio St. 3d 1 (2006), whose decision is putatively "impacted and precipitated" by the holdings of several U.S. Supreme Court cases. Doc. 36-2 at 2.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a claim being raised in a habeas petition must have been fairly presented to the state courts with both the factual and legal bases for the claim. *Fulcher v.*

4

*Motley*, 444 F.3d 791, 798 (6th Cir. 2006).  "A claim may only be considered "fairly presented" if the petitioner asserted both a factual and legal basis for his claim in state court." *Id*.

There are four actions that are significant to determining whether a petitioner has fairly presented a constitutional claim:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005).

Petitioner raised the claims from grounds three and four throughout his direct appeal, yet he raised them purely as state law claims.  He did not rely on federal statutes or cases to support his contentions, he did not make claims of federal constitutional violations, and he did not allege facts that are in the mainstream of constitutional law.

Petitioner's claims relied upon the Ohio Supreme Court's holding in *Foster*, *supra*, a case which, in part, employed a federal constitutional analysis that relied heavily on the U.S. Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 543 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2003).  Throughout his direct appeal, however, Petitioner failed to invoke *Foster* in any sort of fashion that can be construed as raising any federal constitutional claims.  Putting aside whether or not *Foster* applies or should be applied to his case, Petitioner did not use *Foster* to raise federal constitutional claims when he could and should have, and so his claims are foreclosed.

Petitioner has procedurally defaulted his third and fourth grounds for relief due to his failure to raise his claims in a federal constitutional context.  Because these claims are procedurally defaulted, they cannot be reviewed in a Writ of Habeas Corpus unless Petitioner

5

demonstrates cause and prejudice. *Martinez* at 1316. Petitioner does not believe that he has defaulted these claims, nor does he argue in the alternative to show cause and prejudice to overcome a default. Having failed to demonstrate cause and prejudice for defaulting his third and fourth grounds for relief, Petitioner's objection is overruled.

### C. Petitioner Objects To Magistrate Judge's Conclusion that His First Ground For Relief Should Be Dismissed

Petitioner's first ground for relief is as follows:

> A. Ground one: Compelling defendant to be a witness against himself & double jeopardy—5th Amendment, ineffective assistance of counsel—6th Amendment, due process & equal protection—14th Amendment.
>
> Trial counsel refused to allow subpoenaed defense witnesses & forensic scientists to testify on defendant's behalf. Two of those subpoenaed defense witnesses have first-hand knowledge, directly from the alleged victim, that defendant did not commit any criminal acts against her. In addition, trial counsel failed to investigate state's evidence or lack thereof, while also failing to get an independent analysis of same.

The Report dismissed Petitioner's double jeopardy, due process, and equal protection claims as unsupported. Upon conducting a *de novo* merit review of the ineffective assistance of counsel claim, the Magistrate Judge found the claim to be meritless and recommended that it be dismissed. Petitioner objects and essentially reargues the points raised in his first ground for relief. He claims that his Fifth Amendment rights were somehow violated because he was put in the position of either testifying to refute allegedly prejudicial statements made by a witness or not testifying and "accepting the possibility of getting a mistrial." Doc. 36-2, pp. 6. He also claims that his Sixth Amendment right to effective assistance of counsel was violated because his lawyer failed to call certain witnesses to the stand. *Id*.

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

6

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding

28 U.S.C. § 2254(d)(1-2)

What is missing from Petitioner's objection is any coherent attempt to demonstrate that the state appellate court's dismissal of his ineffective assistance of counsel claim resulted in a decision that either involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented at trial. The Court is aware that Petitioner is *pro se*, but that doesn't mean that Petitioner is relieved of his burdens as clearly outlined in § 2254, nor does it mean that the Court will attempt to infer arguments that are not made.

To prevail on a claim of ineffective assistance of counsel a party must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient representation caused prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). In determining whether counsel's representation was reasonable, the court must review all of the surrounding circumstances and afford a high degree of deference to counsel. *Id*. at pp. 689. "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686.

Even if counsel's performance was deficient, which in this case it was not, the deficient performance must also have been prejudicial. Beyond bald assertions of ineffectiveness, Petitioner has not demonstrated how his attorney's strategic or tactical decisions prejudiced the

outcome of his trial, or that those decisions were unreasonable. Furthermore, Petitioner has offered nothing to suggest that the Report erred in its analysis of this claim. Petitioner's objection is therefore overruled and his first ground for relief is dismissed for lack of merit.

### III.  CONCLUSION

For the reasons set forth herein, the Court finds no merit to the objections raised by Petitioner. Therefore, Petitioner's objections are OVERRULED. The Court ADOPTS the Report and Recommendation in full, and Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

DATE: October 22, 2012              ____/s/ John R. Adams_____
                                    Judge John R. Adams
                                    UNITED STATES DISTRICT COURT